Stan Hamilton, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs May 9, 1985, to Judges Mac-Phail, Barry and Palladino, sitting as a panel of three.

*Stan Hamilton,* petitioner, for himself.

*Jason W. Manne,* Assistant Counsel, for respondent.

Opinion by Judge Palladino, September 9, 1985:

This case is before the court on the pro se appeal of Stan Hamilton (Appellant) from an order of the Department of Public Welfare (DPW) which denied Low Income Housing Energy Assistance (LIHEA) to Appellant. We affirm.

The facts as found by the DPW hearing officer are undisputed. Appellant has an annual income of $9,-288.00 which he receives from Unemployment Compensation benefits. Appellant is the father of three sons who are all attending college away from home. Appellant lives in a rented home in Luzerne County and heats the premises with oil.

On March 6, 1984, Appellant applied for an LIHEA grant which was denied by the Luzerne County Assistance Office (LCAO) because Appellant's household income exceeds the maximum income limitation for a one-person household. Appellant filed a timely appeal to DPW. The DPW hearing officer reversed the LCAO decision and ordered the LCAO to grant Appellant three hundred twenty seven dollars per year under the LIHEA program. The adjudication of the hearing officer was reversed by the DPW Office of Hearings and Appeals. Appellant filed a timely appeal from the final order of the DPW to this Court.

The only question presented for our review is whether DPW properly considered Appellant's household to consist of one person rather than four people.

The LIHEA program is funded by the federal government under Title XXVI of the Omnibus Budget Reconciliation Act of 1981, 42 U.S.C. §§8621-8629. The purpose of the program is to assist eligible households to meet the cost of home heating. 55 Pa. Code §601.1(b)(1). DPW has been assigned responsibility to administer the program. 55 Pa. Code §601.1(b)(1). In order to meet this responsibility, DPW has promulgated regulations setting forth the eligibility requirements of the LIHEA program. Eligibility is dependent upon the number of people which constitutes a household and the combined income of the household members.

"Household" is defined, in pertinent part, as "[a]n individual or a group of individuals who are *physically residing together* and whose residential energy is customarily purchased in common . . ." 55 Pa. Code §601.2. Although the regulations promulgated by DPW do not address the question of whether college students who spend the school year away from home are to be counted as part of the household, DPW has interpreted the definition to exclude college students who do not physically reside at home during the school year. DPW has determined that the time which a college student spends at home during weekends, breaks and summer vacation does not meet the requirements necessary to be considered part of the household.

Our review of an administrative agency's interpretation of its own regulation is limited to determining whether the agency's interpretation is erroneous or inconsistent with the regulation and the statute under which it is promulgated. *Department of Public Welfare v. Forbes Health System,* 492 Pa. 77, 422 A.2d 480 (1980). If the agency's interpretation is consistent with the regulation and the statute, that interpretation is controlling upon the Court. *Id.*

Our careful examination of the record in this case and the applicable law in this area leads us to conclude that DPW's interpretation of the regulation defining "household" to exclude college students who live away from home during the school year is consistent with the regulation and the statute under which it is promulgated. The purpose of the LIHEA program is to assist needy persons in meeting the cost of home heating during the winter heating months. College students who do not live at home during the school year do not *physically reside with,* or purchase their residential energy in common with, their parents or guardians during the winter heating months. Their

heating needs are being met at another location. It is therefore consistent with the purposes of the LIHEA program that they be excluded from the household for purposes of determining eligibility for the LIHEA program.

Accordingly, we affirm DPW's order.

ORDER

AND Now, September 9, 1985, the Order of Reversal of the Department of Public Welfare in Case No. 40A0012 is affirmed.